UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIORITY RECORDS, LLC, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> LUIS TABORA, <br><br> Defendant(s). | No. C07-1023 PJH (BZ) <br><br> **REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

By Order dated May 23, 2007, the Honorable Phyllis J. Hamilton referred to me plaintiffs' motion for entry of default judgment against defendant.  The following is my report and recommendation for entry of default judgment.[1]

On February 20, 2007, plaintiffs filed a complaint under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq.  The complaint alleges that defendant violated the Copyright Act at least six separate times by downloading and/or distributing

---

[1] On June 25, 2007, I issued and served a draft of this Report and Recommendation as a tentative decision and invited either party to request a hearing if it wished to dispute the tentative ruling.  Neither side requested a hearing.  Accordingly, the hearing scheduled for August 1, 2007, is **VACATED**

1

1  six recordings without the permission or consent of the
2  plaintiffs. Compl. ¶ 10, Exh. A.  Plaintiffs allege that
3  proper notices of copyright for all six recordings have been
4  widely published, and that defendant's actions violate
5  plaintiffs' exclusive rights of reproduction and distribution.
6  Compl. ¶¶ 13, 12.  Plaintiffs allege that defendant acted
7  willfully and intentionally, id. at ¶ 14, and seek statutory
8  damages under 17 U.S.C. section 504(c), injunctive relief
9  pursuant to sections 502 and 503, and reasonable costs
10 pursuant to section 505.  See id. at ¶¶ 15, 16.

11    On February 27, 2007, plaintiffs had the complaint and
12 related papers personally served on defendant.  See Docket No.
13 5.  Defendant failed to answer the complaint or otherwise
14 defend the action.  On April 11, 2007, upon plaintiff's
15 request, the Clerk entered defendant's default under Rule
16 55(a).  See Docket No. 8.  By his default, defendant is deemed
17 to have admitted the well-pleaded averments of the complaint
18 except those as to the amount of damages.  See Fed. R. Civ. P.
19 8(d).  Plaintiffs' pleadings are sufficient to demonstrate
20 defendant's violations of the Copyright Act.  See 17 U.S.C. §§
21 106, 102(a)(7), 501(a) & (b); see also UMG Recordings, Inc. v.
22 Sanchez, 2007 WL 485955, at *1 (N.D. Cal.); Sony Music Entm't,
23 Inc. v. Elias, 2004 WL 141959, at *1, *3 (C.D. Cal.)

24    A court may not enter a default judgment against an
25 unrepresented minor, an incompetent person, or a person in
26 military service.  See Fed. R. Civ. P. 55(b)(2); 50 App.
27 U.S.C. § 521.  Plaintiffs' counsel has declared under penalty
28 of perjury that a search of the SmartLinx Person Summary

2

1  Report database of Lexis Nexis determined that defendant was
2  born in June, 1967, and thus is not a minor.  Decl. Of Thomas
3  Kerr in Further Supp. of Mot. for Def. J. ("Kerr Decl."), ¶
4  15.  Plaintiff's counsel is also informed and believes that
5  defendant is not incompetent.  Id.  Additionally, plaintiff's
6  counsel conducted a search through the Department of Defense -
7  Manpower Data Center, and determined that defendant is not
8  serving in the military.  Id. at ¶ 16.

9       Pursuant to Rule 55(b)(2), the court may enter a default
10 judgment against a party against whom default has been
11 entered.  The decision to grant or deny a default judgment
12 under Rule 55(b) is within the discretion of the court.  Eitel
13 v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Although a
14 formal hearing is not required for a court to render a default
15 judgment, Davis v. Fendler, 650 F.2d 1154 (9th Cir. 1981), the
16 plaintiff has the burden of proving damages through testimony
17 or written affidavit.  If damages are ascertainable, however,
18 there is no need for an evidentiary hearing.  See Sanchez,
19 2007 WL 485955, at *2; Elias, 2004 WL 141959, at *4 (citing
20 Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir.
21 2002)).

22      In their motion, plaintiffs seek statutory damages
23 totaling $4,500.00, costs of litigation totaling $420.00, and
24 an injunction prohibiting present and future infringement.
25 See id.; Mot. for Def. J., at 2.  Section 504(a) of the
26 Copyright Act provides that a copyright infringer may be
27 liable for statutory damages under section 504(c) for each
28 violation "in a sum of not less than $750 or no more than

3

$30,000 as the court considers just." By virtue of his default, defendant has admitted to six violations of the Copyright Act. The minimum statutory damages are ascertainable and reasonable. See Sanchez, 2007 WL 485955, at *2; Elias, 2004 WL 141959, at *4. I recommend that the court award plaintiffs $750.00 for each of the six violations, totaling $4,500.00.

In addition, section 505 of the Copyright Act allows the court, in its discretion, to award reasonable attorneys' fees and costs. Plaintiffs' counsel has declared under penalty of perjury that, in pursuing this claim, plaintiffs incurred a $350.00 filing fee and a $70.00 service of process fee, for a total of $420.00. See Kerr Decl. ¶ 17. The request, supported by counsel's declaration, is reasonable. See Sanchez, 2007 WL 485955, at *2; Elias, 2004 WL 141959, at *5 (citing Discovery Comm., Inc. v. Animal Plant, Inc., 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001)). I recommend the court award plaintiffs $420 in litigation costs.

Finally, section 502 of the Copyright Act allows injunctive relief to "prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "'Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction.'" Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) (quoting Sega Enterprises, Ltd. v. MAPHIA, 948 F. Supp. 923, 940 (N.D. Cal. 1996)). As explained, defendant has admitted six separate violations of the Copyright Act and there is no assurance that he will not continue to infringe

4

plaintiffs' copyrights.  See Elias, 2004 WL 141959, at *4-*5 (granting injunctive relief with respect to plaintiffs' existing materials and those created in the future).  I therefore recommend that the court grant plaintiffs' request for injunctive relief.

    For the foregoing reasons, I recommend that judgment be entered in plaintiffs' favor against defendant for a total award of $4,920.00.  This amount includes $4,500.00 in statutory damages and $420.00 in litigation costs.  In addition, I recommend that the court grant plaintiffs the injunctive relief sought in their complaint.

Dated: July 11, 2007

                              Bernard Zimmerman
                      United States Magistrate Judge

G:\BZALL\-REFS\Priority Records\DEF.JUDG.REPORT AND REC.wpd

5